IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ALICE ANDERSON, | ) | Bankruptcy Case No. 05-33758 |
| | ) | |
| Debtor. | ) | |
| | | |
| HOMES BY DeeSIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 05-03358 |
| | ) | |
| ALICE ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

and

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SUE ELLEN LaPOINT, | ) | Bankruptcy Case No. 05-33760 |
| | ) | |
| Debtor. | ) | |
| | | |
| HOMES BY DeeSIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 05-03359 |
| | ) | |
| SUE ELLEN LaPOINT, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

These matters having come before the Court for trial; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

By agreement of the parties, these matters were tried together, on July 31, 2006. Both adversary proceedings arise out of the same set of core facts. Additionally, the Debtors

conduct business as partners and jointly own the majority of their assets, both real and personal. Each Debtor has filed her own Chapter 7 bankruptcy proceeding, and their petitions and schedules reveal that each Debtor holds a half interest in essentially the same assets, and that they jointly share the majority of the debts scheduled.

At the close of trial, the Court made a brief finding of fact and conclusion of law, and announced its judgment in each of the above-captioned adversary proceedings. Upon further review of the testimony presented at trial, the exhibits admitted into evidence, and the record of the Debtors' underlying Chapter 7 bankruptcy petitions, the Court has concluded that its findings of fact and conclusions of law orally entered into the record require supplementation and amendment. As such, the Court presents this Opinion as its final finding of fact and conclusion of law.

Findings of Fact

Sometime prior to 1996, the Debtors/Defendants became acquainted with Bob Dee, a home builder by trade, when he built a home for them. The Defendants and Bob Dee became good friends, and, in 1996, Dee sought the Defendants' assistance in starting up his own company, Homes by DeeSign, Inc. At the same time, the Defendants were starting their own development project to develop lots to sell to builders. The Defendants assisted Bob Dee in starting up his company and helped him to file the necessary paperwork to become incorporated. The evidence at trial revealed that the Defendants had some prior experience in land development, and both Defendants had extensive experience in computers. Both Defendants had had careers in the military, and Defendant Anderson had a background as a paralegal, tax preparer, and bookkeeper.

Given their friendship and joint interests in developing lots and building homes, the parties decided to join forces to build duplexes on the lots being developed by the Defendants. The exact terms of the parties' joint venture were never reduced to writing, and the enterprise eventually failed. Feeling that he had not received monies due to him under

2

the parties' oral agreement, Bob Dee and his company, Homes by DeeSign, Inc., filed suit in State Court against the Defendants, seeking to enforce the terms of the agreement. In the State Court lawsuit, the parties agreed to enter binding arbitration, and the arbitrator found that the parties had agreed that Plaintiff would receive a guaranteed labor payment for general contractor work, all expenses associated with the building of the duplexes on the lots developed by the Defendants would be paid in full, real estate commissions would be paid, and that the remaining profit would be split, with the Plaintiff receiving 50% and the Defendants receiving 50%. The arbitrator found that the Defendants had breached this agreement, and made an award in the amount of $300,000, in favor of the Plaintiff and against the Defendants.

Following the $300,000 arbitration award, the Plaintiff proceeded with collection efforts against the Defendants in the State Court proceeding. A hearing was held in the State Court on a Citation to Discover Assets as to both Defendants, and the Defendants presented two financial statements to the Plaintiff: one that was undated, and one that was dated March 11, 2005. Prior to the Plaintiff receiving any payment from the State Court arbitration award, both Defendants filed for relief under Chapter 7 of the Bankruptcy Code, on August 19, 2005. The Defendants seek to have the $300,000 award discharged in total in their respective bankruptcy proceedings.

Conclusions of Law

In the interest of clarity, the Court will address the respective Complaints against the Defendants separately, starting with the Complaint against Defendant Anderson. At the conclusion of trial in this matter, the Court noted on the record that it found that Defendant Anderson was not a credible witness. The Court reiterates that finding here. The background of Defendant Anderson revealed an individual who was highly competent in matters that require significant attention to detail. Despite her background, Defendant Anderson was unable to recall many of the details of her dealings with the Plaintiff, including

3

dates and the arrangements of their business together.  Additionally, Defendant Anderson provided only sketchy information as to her valuation of her assets and the dissipation of a fairly large sum of cash prior to her Chapter 7 bankruptcy filing.  Over the years, the Court has had the opportunity to hear the testimony of hundreds of witnesses, and, like some of those witnesses, Defendant Anderson appeared to answer questions in a manner that she thought best suited her position, rather than simply stating the truth.

In actions under 11 U.S.C. § 727, the burden of proof if upon the Plaintiff by a preponderance of the evidence to show that a Debtor's discharge should be denied.  In re Scott, 172 F.3d 959 (7th Cir. 1999); Grogan v. Garner, 111 S.Ct. 654 (1991).  Under § 727(a)(4)(A):

> (a)    The court shall grant the debtor a discharge, unless . . .
>
> (4)    the debtor knowingly and fraudulently, in or in connection with the case -
>
> (A)    made a false oath or account;

In re Sholdra, 249 F.3d 380 (5th Cir. 2001); In re Bailey, 147 B.R. 157 (Bankr. N.D. Ill. 1992).  A false oath may include a knowing and fraudulent omission.  In re Handel, 266 B.R. 585 (Bankr. S.D. N.Y. 2001).  In order to determine if the debtor acted with a reckless and fraudulent intent, the Court should consider the debtor's whole pattern of conduct.  In re Hosler, 309 B.R. 540 (Bankr. C.D. Ill. 2004).  Essentially, a distinction must be drawn between an innocent mistake or oversight and a purposeful non-disclosure.  The Seventh Circuit has held that denial of discharge may also be warranted where a debtor displays a reckless and cavalier disregard for the truth.  Matter of Yonikus, 974 F.2d 901 (7th Cir. 1992).

The testimony and exhibits in the case against Defendant Anderson clearly reveal that her discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).  The Plaintiff has shown that the Defendant under valued vehicles which she claimed as assets, including a 2005 Dakota truck, 1997 Dakota truck, Ford tractors, other Ford equipment, and a bass boat

4

and trailer.  The evidence also reveals that the Debtor under valued real estate in Arkansas, valuing it at an amount she paid for it over 25 years ago, which was proven to be incorrect when the Trustee in Bankruptcy sold the subject real estate for approximately 30% more than the value scheduled by Defendant Anderson.  Additionally, Defendant Anderson valued many personal household items, office equipment, and other personal property in a detailed itemization with a total approximate value of $1,500 on her bankruptcy petition.  The evidence presented in this case revealed that such a low valuation is highly questionable. Additionally, the evidence revealed that Defendant Anderson omitted numerous items of personal property from her bankruptcy schedules, and the Court found that Defendant Anderson's explanation as to the omission of these items was not satisfactory.  Even though Defendant Anderson described many of the items omitted from her schedules as "junk," the sheer volume of the items omitted reveals a material misstatement and false oath.  The overall conduct of Defendant Anderson reveals a pattern to not only secret assets from her creditors, but to also under value assets in an attempt to dissuade the Trustee in Bankruptcy from liquidating those assets for the benefit of her unsecured creditors.

In addition to finding that Defendant Anderson has under valued and omitted assets in her bankruptcy schedules, the Court finds that she failed to disclose cash gifts made to family members within one year of her filing for bankruptcy, and that she also failed to disclose payment of an antecedent debt in excess of $7,000 to a family friend, also within one year of her Chapter 7 filing.

In addition to concluding that Defendant Anderson's discharge in bankruptcy should be denied pursuant to the provisions of 11 U.S.C. § 727(a)(4)(A), the Court also finds that the Plaintiff has proven that Defendant Anderson's discharge should be denied pursuant to the provisions of 11 U.S.C. § 727(a)(5), which states:

> (a)    The court shall grant the debtor a discharge, unless . . .

5

> (5)     the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

See:   In re D'Agnese, 86 F.3d 732 (7th Cir. 1996).   Under 11 U.S.C. § 727(a)(5), a Bankruptcy Court has "broad power to decline to grant a discharge . . . where the debtor does not adequately explain a shortage, loss, or disappearance of assets."   In re Martin, 698 F.2d 883 (7th Cir. 1983).

The evidence presented at trial is clear that, in November 2004, together Defendant Anderson and Defendant LaPoint withdrew the sum of $12,500 in cash out of their credit union account.  When asked to explain where this cash was spent, the Defendants were able to only give vague and indefinite statements that were not corroborated by any documentation.  Under § 727(a)(5), vague, indefinite, and uncorroborated assertions by the debtor are insufficient to satisfactorily explain the loss of assets.  See:  In re Bryson, 187 B.R. 939 (Bankr. N.D. Ill. 1995).  In particular, the Court finds the explanation by Defendant Anderson that she paid between $7,000 and $7,500 to a family friend for money borrowed in 1994, to be unsatisfactory.  There was no documentation to support this explanation, and, in fact, the explanation was revealed only days before the trial, giving the Plaintiff no opportunity to determine its validity.  Additionally, the Court finds that, had Defendant Anderson, in fact, repaid a loan in excess of $7,000 as alleged, that payment should have been listed in her bankruptcy schedules giving the Trustee in Bankruptcy the opportunity to investigate and determine whether said payment may have been a recoverable preferential transfer.  All in all, the Court concludes that the Plaintiff has met its burden of proof under 11 U.S.C. § 727(a)(5) such that Defendant Anderson's discharge should be denied under the provisions of that section.

In addition to objecting to Defendant Anderson's discharge pursuant to the provisions of 11 U.S.C. § 727, the Plaintiff has also alleged that the debt due in the sum of $300,000 should be determined non-dischargeable pursuant to the provisions of 11 U.S.C.

§§ 523(a)(2)(A) and 523(a)(4).  The Court finds that, even if it had not found that Defendant

Anderson's discharge should be denied pursuant to the provisions of 11 U.S.C. § 727, the

debt in question would be non-dischargeable.

Pursuant to 11 U.S.C. § 523(a)(2)(A):

> (a)    A discharge under section 727, 1141, 1228(a) 1228(b), or
> 1328(b) of this title does not discharge an individual debtor from any
> debt . . .
>
> > (2) for money, property, services, or an extension, renewal, or
> > refinancing of credit, to the extent obtained, by -
> >
> > > (A) false pretenses, a false representation, or actual
> > > fraud, other than a statement respecting the debtor's or an
> > > insider's financial condition;

In order to prove a case under this provision, Courts have traditionally required a

plaintiff to prove that:  (1) the debtor made false statements which she knew to be false, or

which were made with such reckless disregard for the truth as to constitute willful

misrepresentations; (2) the debtor possessed the requisite scienter, i.e. debtor actually

intended to deceive the plaintiff; and (3) to its detriment, the plaintiff justifiably relied on the

representations.  Field v. Mans, 516 U.S. 559, 116 S.Ct. 437 (1995); In re Mayer, 51 F.3d

670 (7th Cir. 1995); In re Scarlata, 979 F.2d 521 (7th Cir. 1992).  Plaintiff bears the burden

of proof and must prove each element by a preponderance of the evidence.  Grogan v.

Garner, 498 U.S. 279, 111 S.Ct. 654 (1991).

In the instant case, the evidence is clear that, shortly after beginning their business

relationship, Defendant Anderson took over the responsibility of handling the Plaintiff's

financial books and records.  Throughout their business dealings, Defendant Anderson

assured Plaintiff that all was well and that sub-contractors and suppliers had been paid such

that the Plaintiff could execute documents necessary in order to close the various building

contracts between the parties.  The evidence indicates that the representations made by

Defendant Anderson were, in fact, not true, and that it was only later that Bob Dee

discovered that bills remained unpaid to both suppliers and sub-contractors.  In reviewing

7

the overall circumstances between the parties, the Court finds that Plaintiff has shown that Defendant Anderson had an intent to deceive with the purpose of moving the financial transactions along.  Furthermore, the Court finds that the Plaintiff justifiably relied upon the false representations of Defendant Anderson.  Given the friendship of the parties and their ongoing relationship, the Plaintiff had no reason not to believe the representations made by Defendant Anderson at the time they were made.  Plaintiff was entitled to rely on Defendant Anderson's obvious expertise, and there has been no evidence presented to suggest that such reliance was not justifiable.

Pursuant to 11 U.S.C. § 523(a)(4):

(a)    A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

In order to prevail under § 523(a)(4), a plaintiff must prove by a preponderance of the evidence that:  (1) a fiduciary relationship existed between the plaintiff and the defendant; and (2) fraud or defalcation was committed by the defendant in the course of that relationship.  In re Monroe, 304 B.R. 349 (Bankr. N.D. Ill. 2004).  The issue of whether a defendant is a fiduciary under this section is a question of Federal law.  In re Frain, 230 F.2d 1014 (7th Cir. 2000).  For purposes of § 523(a)(4), a fiduciary relationship requires an express or technical trust.  In re Cochrane, 124 F.2d 978 (8th Cir. 1997).  In this case, the Court finds that the Plaintiff has shown that Defendant Anderson was acting in a fiduciary capacity to the Plaintiff as to the Defendant's handling of the Plaintiff's books and records. The evidence is also clear that Defendant Anderson was guilty of fraud and defalcation as to her fiduciary duties when she represented that bills for suppliers and sub-contractors had been paid, when, in fact they had not; and for her actions in taking draws from loan funds for the benefit of herself and her development company in contravention of the express agreement with the Plaintiff.

8

Having fully addressed Plaintiff's case against Defendant Anderson, the Court now turns to the case against Defendant LaPoint. At the close of trial, the Court orally indicated on the record that it found Defendant LaPoint to be a credible witness and that judgment should be entered in favor of Defendant LaPoint and against the Plaintiff on all matters raised in Plaintiff's Complaint. After a thorough review of the transcript of the proceedings and of the exhibits introduced into evidence, the Court has concluded that it must vacate its judgment in favor of Defendant LaPoint as to Plaintiff's objection to discharge pursuant to the provisions of 11 U.S.C. §§ 727(a)(4)(A) and 727(a)(5).

While the Court has found that the testimony of Defendant Sue Ellen Lapoint was credible, the Court must note that her testimony was brief and very limited. Having had the opportunity to carefully review the transcript of the trial and the documentary exhibits, the Court finds that Defendant LaPoint's Chapter 7 petition and schedules contain the same misstatements, undervaluations, and discrepancies that were found in the petition and schedules of Defendant Anderson. Additionally, the Court finds that Defendant LaPoint failed to schedule a ring valued in the approximate amount of $1,300 purchased for her by Defendant Anderson approximately six months before her Chapter 7 bankruptcy filing. Given that the Defendants jointly owned the majority of the assets listed on both of their schedules and the similarities in the schedules, the Court concludes that Plaintiff has shown that the discharge of Defendant LaPoint should also be denied pursuant to the provisions of 11 U.S.C. § 727(a)(4)(A).

The Court has also carefully reviewed the record of this proceeding regarding Plaintiff's Complaint pursuant to 11 U.S.C. § 727(a)(5) as to Defendant LaPoint. In this regard, the Court finds that Defendant LaPoint has also failed to satisfactorily explain the dissipation of cash money prior to her bankruptcy filing. The evidence indicates that Defendant LaPoint had an equal interest in the cash which was dissipated, and, even though her testimony was credible, it did not satisfactorily explain where such a large sum of money

9

was spent.  <u>See</u>:  <u>D'Agnese</u>, <u>supra</u>, at 732.  For this reason, the Court concludes that the discharge of Defendant LaPoint should be denied on the additional grounds proven under 11 U.S.C. § 727(a)(5).

Finally, the Court reviews the allegations made by the Plaintiff concerning dischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) as to Defendant LaPoint, and concludes that the Plaintiff has not shown the elements necessary for a finding of non-dischargeability under either section.  The evidence adduced at trial shows no direct involvement of Defendant LaPoint in the keeping of the books and records of the Plaintiff, nor of any representations made by Defendant LaPoint to the Plaintiff concerning the financial dealings between the parties.  As such, while the Court concludes that the discharge should be denied as to Defendant LaPoint, it cannot conclude that there is sufficient evidence to support a finding of non-dischargeablity of the debt in question.

ENTERED:  September 15, 2006.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge